# In the United States Court of Federal Claims

No. 24-1223C

(Filed: July 7, 2025)

|  |  |
|---|---|
| **SAMUEL SACKEY,** | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

## ORDER

On August 9, 2024, *pro se* Plaintiff, Mr. Samuel Sackey, filed a complaint in this Court, alleging that he is owed a whistleblower reward pursuant to 31 U.S.C. § 5323(b)(1) for information he gave to the Treasury Department's Financial Crimes Enforcement Network ("FinCEN"). *See* ECF No. 1 ("Compl."). The government moves to dismiss Mr. Sackey's complaint for lack of jurisdiction and for failure to state a claim on which relief can be granted. ECF No. 14 ("MTD"). This Court grants the government's motion because this Court lacks jurisdiction over Mr. Sackey's claim; 31 U.S.C. § 5323(f) vests jurisdiction over § 5323 whistleblower claims solely in "the appropriate court of appeals of the United States." 31 U.S.C. § 5323(f)(2)(A). Furthermore, as FinCEN informed Mr. Sackey, it has yet to issue regulations governing the processing of whistleblower claims or the disbursement of funds under the statute. *Id.* § 5323(b)(1). In the absence of any such regulations, this Court could not grant Mr. Sackey relief — even if the statute did not have a jurisdictional bar.

I.   **FACTUAL AND PROCEDURAL HISTORY**[1]

Between August 2023 and January 2024, Mr. Sackey provided whistleblower information concerning the banking practices of JPMorgan Chase — his employer at the time — to FinCEN. Compl. at 3. Mr. Sackey alleges that the information he provided demonstrated that JPMorgan Chase was in violation of "title 31 of the United States Code." Compl. at 2. On August 8, 2023, Mr. Sackey received an email response from FinCEN that advised him that FinCEN was "tracking [the] matter," and provided him with a specific "Tip, Complaint, or Referral code" to reference in future correspondence. *Id.* at Ex. 1.

Two months after Mr. Sackey's last alleged tip to FINCen — sometime between March and May of 2024 — the Office of the Comptroller of the Currency, the Commodity Futures Trading Commission, and the Federal Reserve Board initiated enforcement actions against JPMorgan Chase. Compl. at 2–3. Mr. Sackey has attached documentation of the enforcement actions as Exhibits 4, 5, and 6 to his complaint in this Court. Mr. Sackey argues that there are indicia that he "provided the information used for the enforcements." *Id.* at 3. Such indicia include: "the matching violation in the plaintiff's report and the multiple enforcements, the close time frame between the plaintiff's whistleblower report and the enforcement releases, statute of limitations pertaining to the violation, and other undisclosed reasons." *Id.*

On June 16, 2024, Mr. Sackey submitted a request for a monetary award to FinCEN. FINCen's response — which the government attached in an appendix to its motion to dismiss — informed Mr. Sackey that "a response to and/or disposition of" his application for an award "may not occur until after the promulgation of program regulations."[2] MTD at Def. App. 1.

---

[1] Unless otherwise noted, the facts are taken from Mr. Sackey's Complaint, ECF No. 1 ("Compl."). Complaint page numbers reference the PDF number at the top of the ECF document pages. For purposes of a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Court of Federal Claims, this Court assumes that all non-conclusory facts in the operative complaint are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[2] As of the date of this order, the Department of the Treasury has not promulgated implementing regulations, nor has the agency issued a notice of proposed rulemaking as contemplated by 31 U.S.C. § 5323(i). *See* 5 U.S.C. § 553(b).

2

On August 9, 2024, Mr. Sackey filed a complaint against the government in this Court, alleging that, pursuant to 31 U.S.C. § 5323(b)(1), he is entitled to collect a whistleblower award in the amount of "approximately $134,000,000," and "potential punitive damages due to a breach of duty." Compl. at 3. In his complaint, he also seeks to "obtain Freedom of Information Act disclosure documents" to "help confirm the plaintiff's claim to the whistleblower monetary award." *Id.* at 1.[3]

On January 8, 2025, the government filed a motion to dismiss Mr. Sackey's complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). MTD at 1. On February 3, 2025, Mr. Sackey filed a "motion to strike" the government's motion to dismiss, which this Court treated as Mr. Sackey's response. ECF No. 17 ("Pl. Resp."). The government filed its reply on February 18, 2025. ECF No. 20.

## II.   DISCUSSION: THIS COURT LACKS JURISDICTION OVER MR. SACKEY'S COMPLAINT

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleading to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). In the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim.") (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary

---

[3] The Court of Federal Claims lacks jurisdiction over claims pursuant to the Freedom of Information Act. *Jarvis v. United States*, 2017 WL 2735597 at *1 (Fed. Cl. June 26, 2017) (citing *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007)). The Court does not address this issue further.

3

claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *see* 28 U.S.C. § 1491(a)(1).

The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967).

### A.    31 U.S.C. § 5323 is a "Money-Mandating" Statute for Purposes of the Tucker Act

A statute or regulation is money-mandating where it "can fairly be interpreted as mandating compensation by the Federal Government . . . ." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (quoting *Mitchell*, 463 U.S. at 217). A statute is money mandating if it "require[s] the payment of *some award* to claimants who have met the statutory conditions for recovery." *Doe v. United States*, 100 F.3d 1576, 1582 (Fed. Cir. 1996) (emphasis added) (holding that a moiety statute is money mandating when it requires a minimum payment). "The fact that the Secretary retains some discretion to determine the amount of an award, within prescribed limits, does not preclude the statute from being money mandating." *Id.* (citing *Bradley v. United States*, 870 F.2d 1578, 1580 (Fed. Cir. 1989) ("Inasmuch as discretion is not unlimited, the statute must be deemed to be a pay-mandating statute.")). "A statute is not wholly discretionary . . . when an analysis of congressional intent or the structure and purpose of the statute reveal one of the following: (1) the statute has 'clear standards for paying' money to recipients, (2) the statute specifies 'precise amounts' to be paid, or (3) the statute compels payment once certain conditions precedent are met." *Doe v. United States*, 463 F.3d 1314,

4

1324 (Fed. Cir. 2006) (first citing *Samish Indian Nation v United States*, 419 F.3d 1355, 1363 (Fed. Cir. 2005), and then *Fisher v. United States*, 402 F.3d 1167 (Fed. Cir. 2005)).

Section 5323 of Title 31 of the United States Code is a money-mandating statute pursuant to the Tucker Act. Section 5323 provides:

> In any covered judicial or administrative action, or related action, the Secretary, under regulations prescribed by the Secretary, in consultation with the Attorney General and subject to subsection (c), *shall pay* an award or awards to 1 or more whistleblowers who voluntarily provided original information to the employer of the individual, the Secretary, or the Attorney General, as applicable, that led to the successful enforcement of the covered judicial or administrative action, or related action, in an aggregate amount equal to—
>
> **(A)** *not less than* 10 percent, in total, of what has been collected of the monetary sanctions imposed in the action or related actions; and
>
> **(B)** not more than 30 percent, in total, of what has been collected of the monetary sanctions imposed in the action or related actions.

31 U.S.C. § 5323(b)(1) (emphasis added).

This statute provides clear standards for paying an award: the furnishing of original whistleblower information that leads to the successful enforcement of the "covered judicial or administrative action." *Id.* Moreover, many statutory terms — including "original information" and "action" — are further defined within the text of the statute. 31 U.S.C. § 5323(a). The statute also provides the precise amount to be paid: "not less than 10 percent" and "not more than 30 percent" of what has been collected of the monetary sanctions imposed in the actions or related actions. 31 U.S.C. § 5323(b)(1); *see also Doe*, 100 F.3d at 1581 (holding that a moiety statute is money mandating, even when using a "sliding scale . . . [for] determining the appropriate amount of an award for

an informant," because "the statute continues to mandate the payment of *some award*" (emphasis added) (quoting *Lewis v. United States*, 32 Fed. Cl. 59, 64 (1994)).

Finally, the statute compels payment (by the government) to someone meeting the statutory standards. The government cites to 31 U.S.C. § 5323(f), *see* MTD at 3, 9, to support the claim that this statute payment awards are entirely discretionary: "Any determination made under this section, including whether, to whom, or in what amount to make awards, shall be in the discretion of the Secretary." 31 U.S.C. § 5323(f)(1). But the government's reading of the statute ignores other clear language mandating payment. As explained above, the statute provides that the Secretary "*shall pay* an award or awards to 1 or more whistleblowers who voluntarily provided original information . . ." 31 U.S.C. § 5232(b)(1) (emphasis added). Accordingly, once the Secretary has determined that the whistleblower has met the statutory criteria for payment, the decision to award money is no longer within the discretion of the Secretary. *See Doe*, 463 F.3d at 1325 (holding that statutorily provided discretion to award payment is limited "because once a condition is met, namely that the head of an agency states that a position meets the criteria listed . . . , the statute requires payment to employees with that position").[4]

In sum, because 31 U.S.C. § 5323 mandates payment (of at least some monetary award) to a qualified whistleblower upon meeting the statutorily provided conditions, it is a money mandating statute.

### B. Although 31 U.S.C. § 5323 is Money-Mandating, Mr. Sackey's Claim Nevertheless Falls Outside This Court's jurisdiction.

This Court's determination that 31 U.S.C. § 5323 is money-mandating does not fully resolve the jurisdictional issue, however. That is because, "[e]ven absent explicit proscription of this court's authority, . . . the Federal Circuit and the Supreme Court of

---

[4] This Court further notes that § 5323 is quite similar to 19 U.S.C. § 1619 (the "moiety statute"). *See Doe*, 100 F.3d at 1580. Just like the moiety statute — whose purpose is "to establish an incentive for persons with information useful to law enforcement to cooperate with the authorities" in the context of customs fraud, *id.* — the purpose of 31 U.S.C. § 5323 is clearly to incentivize those with information to provide it to the Department of the Treasury to aid its enforcement arm. Reading the whistleblower award as purely discretionary would undermine § 5323's purpose and would be inconsistent with the Federal Circuit's decision in *Doe*. 100 F.3d at 1580 (citing *Wilson v. United States*, 135 F.2d 1005, 1009 (3d Cir. 1943), for the proposition that "[a]n informer would have little incentive to give original information . . . if his compensation rested in the absolute discretion . . . of an executive officer").

6

the United States have frequently held that when a 'specific and comprehensive scheme for administrative and judicial review is provided by Congress, the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted.'" *Norman v. United States*, 126 Fed. Cl. 277, 280 (2016) (first citing *Vereda, Ltda. v. United States,* 271 F.3d 1367, 1375 (Fed. Cir. 2001), and then *St. Vincent's Med. Ctr. v. United States,* 32 F.3d 548, 549–50 (Fed. Cir. 1994)); *see also, e.g., United States v. Fausto*, 484 U.S. 439, 453–54 (1988) (holding that the Civil Service Reform Act precluded Tucker Act jurisdiction over plaintiff's claims). In other words, "the Tucker Act 'is displaced' when 'a law assertedly imposing monetary liability on the United States contains its own judicial remedies.'" *Maine Cmty. Health Options v. United States*, 520 U.S. 296, 326 (2020) (quoting *United States v. Bormes,* 568 U.S. 6, 12 (2012)).

Section 5323 requires whistleblower claimants to file initial claims with the Secretary of the Treasury: "Any determination made under this section, including whether, to whom, or in what amount to make awards, shall be in the discretion of the Secretary." 31 U.S.C. § 5323(f)(1). The statute also provides that any appeal of an agency decision should be directly appealed to the relevant court of appeals: "*Any determination* . . . may be appealed to the *appropriate court of appeals* of the United States not more than 30 days after the determination is issued by the Secretary." 31 U.S.C. § 5323(f)(2)(A) (emphasis added). Because this statute creates a specific and comprehensive administrative and judicial scheme of relief — including appeals directly to a circuit court — the Court of Federal Claims lacks subject-matter jurisdiction over claims invoking § 5323. *See Vereda,* 271 F.3d at 1375 (Fed. Cir. 2001) (holding that the Controlled Substances Act contains a "statutory scheme" that "evinces Congress' intent to preempt any Tucker Act jurisdiction over a money claim that challenges the propriety of an *in rem* administrative forfeiture of property seized under 21 U.S.C. § 881"); *see also Ricks v. United States*, 159 Fed. Cl. 823 (2022) ("It is well settled that even where Congress has not expressly stated that statutory jurisdiction is 'exclusive,' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." (quoting *Telecomms. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984))).

To the extent that Mr. Sackey's complaint can be read as seeking an order that the Treasury Department promulgate regulations pursuant to 31 U.S.C. § 5323(i), this Court lacks jurisdiction over that claim, too. A plaintiff may bring a claim to "compel agency action unlawfully withheld or unreasonably delayed" pursuant to § 706(1) of the Administrative Procedure Act ("APA"). 5 U.S.C. § 706; *see also, e.g., Am. Anti-Vivisection*

7

*Soc'y v. United States Dep't of Agric.*, 946 F.3d 615, 620–21 (D.C. Cir. 2020) (holding that plaintiffs may seek to force an agency to take "discrete action" that the law requires it to take, such as issuing regulations). But this Court lacks jurisdiction over freestanding APA claims and has no power to issue an injunction to direct an agency to issue regulations. *Curry v. United States*, 787 F. App'x. 720, 723 (Fed. Cir. 2019) (noting that the Court of Federal Claims "lacks jurisdiction over claims alleging violations of the Administrative Procedure Act" (citing *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003)).

Because the claim at issue is not within the jurisdiction of this Court, this decision does not reach the remaining issues raised in the government's motion to dismiss, nor does this Court opine on the merits of Mr. Sackey's whistleblower award claim.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the government's motion to dismiss pursuant to RCFC 12(b)(1), ECF No. 14. Plaintiff's complaint is hereby **DISMISSED** for lack of subject matter jurisdiction. The Clerk of the Court is directed to enter **JUDGMENT** for the government, dismissing this case pursuant to RCFC 12(b)(1).

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge
